IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BYRD, #S09454, <br><br> **Plaintiff,** <br><br> v. <br><br> WARDEN THOMPSON, *et al.*, <br><br> **Defendants.** | Case No. 20-cv-00809-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Thomas Byrd, an inmate of the Illinois Department of Corrections who is incarcerated at Centralia Correctional Center, commenced this action by filing a Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. 1). The motion was not signed in accordance with Federal Rule of Civil Procedure 11, and Byrd did not properly initiate the suit by filing a complaint, as is required by Rule 3. Accordingly, the Court denied the motion, and Byrd was instructed to submit a properly signed complaint by September 23, 2020. (Doc. 4). On September 2, 2020, Byrd filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"), along with another request for a temporary restraining order or preliminary injunction. (Docs. 5, 6). For the following reasons, both motions will be denied.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action or appealing a civil judgment IFP, "if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of documents filed in the electronic docket of this Court and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Byrd has had previous cases dismissed with prejudice for failing to state a claim and has accumulated four strikes.[1] Thus, Byrd cannot proceed IFP unless he is under imminent danger of serious physical injury. *Id*.

"Imminent danger" within the meaning of Section 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

Here, Byrd asks the Court to order the warden and trust fund office to stop removing money from his trust fund account to pay court ordered fees. (Docs. 1, 6). He makes no allegations regarding imminent danger to his physical safety. (*See* Docs. 1, 11).

---

[1] *Byrd v. Taylor,* No. 11-cv-01195-JES-JAG (C.D. Ill., Aug. 30, 2011); *Byrd v. Tilden*, No. 13-cv-01434-JES-BGC, (C.D. Ill., Oct. 21, 2013); *Byrd v. Shah,* No. 13-cv-01055-GPM (S.D. Ill., Nov. 18, 2013); and *Byrd v. Schicker,* No. 13-cv-783-GPM (S.D. Ill., Nov. 21, 2013).

Accordingly, his Motion to Proceed *in forma pauperis* (Doc. 5) is **DENIED**.

The Court further notes that his motion to proceed IFP, Byrd failed to disclose his case history. This Court has warned Byrd that if he files a lawsuit without fully disclosing his litigation history, including his four "strikes," the new action would be subject to immediate dismissal. *Byrd v. Spiller,* No. 14-cv-1158-NJR (S.D. Ill., Nov. 17, 2014). As it is not entirely clear if the current omission of his case history was intentional, the Court will not dismiss the suit at this time but allow Byrd additional time to pay the filing fee and file a complaint.

### MOTION FOR TEMPORARY RESTRAINING ORDER OF PRELIMINARY INJUNCTION

When denying the first motion for injunctive relief, the Court instructed Byrd to submit a complaint and advised him that if he still sought a preliminary injunction after filing a complaint, he must then file a new motion. (Doc. 4). Contrary to these instructions, Byrd has not filed a complaint, but instead another request for emergency injunctive relief. Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681–82 (1946); *Greater Chic. Combine & Ctr., Inc. v. City of Chic.*, 431 F.3d 1065, 1069–70 (7th Cir. 2005). Nor can the Court determine what causes of action Byrd intends to assert against which Defendant. More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint. As Byrd has not properly commenced this civil action by filing a complaint and paying the required filing fee, the motion is **DENIED without prejudice**.

### DISPOSITION

For the reasons stated above, Byrd **SHALL** pay the full filing fee of $400.00 for this

action **AND** submit a properly signed complaint on or before **October 2, 2020**. If he fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Byrd is again **WARNED** that if he files a lawsuit in the future without fully disclosing his litigation history, including his four "strike," the new action shall be subject to immediate dismissal.

Finally, Byrd is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   September 4, 2020

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**